J-A20019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JUAN MARTINEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELSNER ENGINEERING WORKS, INC. | : | No. 2246 EDA 2023 |
| D/B/A PACO WINDERS | : | |
| MANUFACTURING, OX INDUSTRIES, | : | |
| INC., PACO LIQUIDATION COMPANY, | : | |
| LLC, PACO WINDERS MFG, INC., | : | |
| ESE, INC., DOE 1-6 | : | |

Appeal from the Order Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 230102505

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

JUDGMENT ORDER BY PANELLA, P.J.E.: **FILED SEPTEMBER 19, 2024**

Appellant, Juan Martinez, appeals from the Order entered by the Court of Common Pleas of Philadelphia County on July 20, 2023, which sustained preliminary objections as to venue and transferred this case to York County.

Due to our disposition of this matter, we provide only a brief summary of the factual and procedural background. Martinez commenced this action in the Court of Common Pleas of Philadelphia County on January 25, 2023, by the filing of a Complaint. The Complaint includes causes of action for negligence, strict liability, and breach of warranty. Martinez asserts that on December 2, 2021, he was operating a semi-automatic cardboard recutting machine that contained unguarded rotating parts which severely injured his

hand and forearm. This occurred in Adams County, Pennsylvania. In the Complaint, Martinez alleges that the machine in issue was designed, manufactured and sold in Philadelphia County. Martinez further asserts that Paco Winders Mfg., Inc., the manufacturer, no longer exists but that the remaining defendants are successors-in-interest to Paco Winders.

On February 23, 2023, Appellee, Elsner Engineering Works, Inc., filed preliminary objections to the Complaint, asserting that venue was not proper in Philadelphia County. On July 20, 2023, the Court of Common Pleas of Philadelphia sustained the preliminary objections as to venue only and transferred the case to York County. Martinez filed the instant appeal thereafter.

On February 15, 2024, the Honorable Daniel J. Anders filed an Opinion pursuant to Pa.R.A.P. 1925(a), in which he stated that proper venue is in Philadelphia County, thereby concluding that the Order of July 20, 2023 should be reversed.

The trial court considered the issue of venue and it appropriately addressed the request to change venue. We have reviewed the certified record the parties' briefs and their respective arguments, the relevant law, and the well-written opinion of Judge Anders. We have determined that the trial court's opinion comprehensively addresses the issue of venue on appeal, with appropriate references to the record, and without legal error. Therefore, we reverse on the basis of this Opinion. *See* Trial Court Opinion, 2/15/24.

Order Reversed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2024

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| JUAN MARTINEZ,<br>       Plaintiff/Appellant,<br>vs.<br><br>ELSNER ENGINEERING WORKS, INC.,<br>OX INDUSTRIES, INC., PACO LIQUIDATION<br>COMPANY, LLC, PACO WINDERS MFG., INC.,<br>and ESE, INC.,<br>       Defendants/Appellees. | 2246 EDA 2023<br><br>Trial Court No. 230102505 |

## OPINION

Plaintiff Juan Martinez appeals the trial court's July 20, 2023 order sustaining Defendant Elsner Engineering Works, Inc.'s Preliminary Objections as to venue only and transferring the action to York County. For the reasons herein, the Superior Court should reverse the July 20, 2023 order.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2023, Plaintiff filed a Complaint against Defendants in the Philadelphia County Court of Common Pleas. In the Complaint, Plaintiff pled that on December 2, 2021, a Model SAR-32 semi-automatic cardboard tube recutting machine with serial number A2135-91 and unguarded rotating parts (the "machine") tore off Plaintiff's hand and forearm in Adams County. Complaint at ¶¶ 11, 84, 88. Plaintiff pled negligence, strict liability, and breach of warranty claims against Defendants. *Id.* at ¶¶ 17-23.

According to the Complaint, Defendant Paco Winders Mfg., Inc. ("PWMI") designed, manufactured, and sold that specific machine in Philadelphia County. Complaint at ¶¶ 5, 12-29, 62. Moreover, in the Complaint, Plaintiff pled that Defendant Elsner Engineering Works, Inc.

OPFLD-Martinez Vs Elsner Engineering Works, Inc. Etal



23010250500068

("Elsner") is the successor-in-interest to PWMI with respect to the machine. Complaint at ¶¶ 15-16, 27-28, 41-42.

On February 23, 2023, Elsner filed Preliminary Objections arguing that Philadelphia County was an improper venue for this matter. On April 6, 2023, the trial court issued a Rule to Show Cause permitting the parties to exchange affidavits and conduct discovery (including depositions) on the issue of venue, and file supplemental briefs by June 30, 2023. On July 20, 2023, the trial court sustained Elsner's Preliminary Objections as to venue only and transferred the action to York County. On August 22, 2023, Plaintiff filed a timely appeal of the July 20, 2023 order.

DISCUSSION

In Plaintiff's Concise Statement of the Errors Complained of on Appeal ("Concise Statement"), Plaintiff argues that the trial court erred by sustaining Elsner's Preliminary Objections as to venue only and transferring the action to York County because (1) Philadelphia County is where a transaction or occurrence took place out of which Plaintiff's causes of action arose; and (2) Philadelphia County is a proper venue for the original manufacturer of the allegedly-defective product as well as for Defendants Elsner, Ox Industries, Inc., Paco Liquidation Company, LLC, and ESE, Inc. since those Defendants are successors-in-interests to the original manufacturer, PWMI. *See* Concise Statement, 9/25/2023.

1.    The Superior Court Should Reverse the July 20, 2023 Order

Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(1), any party may file preliminary objections to any pleading on the basis of improper venue. Pa.R.C.P. 1028(a)(1). The moving party bears the burden of proving improper venue. *Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1284 (Pa. 1990). If, however, the moving party demonstrates some evidence to rebut the

2

plaintiff's choice of venue and relevant averments in the complaint, then the burden shifts to the plaintiff, requiring the plaintiff to prove venue is proper in a particular county. *Hausmann v. Bernd*, 2022 PA Super 27, 271 A.3d 486, 493 (Pa. Super. Ct. 2022). When determining whether venue is proper for a case, the trial court should take a snapshot of the case at the time the plaintiff initiated it. *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1281 (Pa. 2006). If venue is proper at the time that the plaintiff initiated the lawsuit, then venue remains proper throughout the litigation. *Id.* If a party files an action to enforce joint or joint and several liability against two or more defendants, then the party may file the action in any county where venue would be proper for any one of the multiple defendants. Pa.R.C.P. 1006(c)(1); *Zappala*, 909 A.2d at 1280.

A. Proper Venue for Corporate Defendants

Generally, a party may file a personal action against a corporation or similar entity only in: (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; (4) a county where a transaction or occurrence took place out of which the cause of action arose, or (5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property. Pa. R.C.P. 2179(a); *Zappala*, 909 A.2d at 1281. If a trial court sustains preliminary objections to venue and there is a county of proper venue within the state, the trial court shall transfer the action to the appropriate court of that county. Pa.R.C.P 1006(e).

I. Philadelphia County Is A Proper Venue For This Matter

Here, Philadelphia County is a proper venue for this matter because a transaction or occurrence took place in Philadelphia County out of which Plaintiff's causes of action arose. As pled in the Complaint, PWMI defectively designed, manufactured, and sold the machine in

3

Philadelphia County. *See* Complaint, at ¶¶ 12-29. Those transactions or occurrences are sufficient to establish venue in Philadelphia County. *See generally Barnabei v. Schell*, No. 1759 EDA 2013, 2014 WL 10980064, at *3 (Pa. Super. Ct. Feb. 20, 2014) (county in which the breach of the standard of care occurred is a proper venue for a case concerning negligence claims.); *Brough v. Carl Cook Auto Sales, Inc.*, 75 Pa. D. & C.2d 132, 135 (Pa. Com. Pl. 1976)(the wrongful act for a strict liability claim is the introduction by sale of a defective product into the stream of commerce, which then gives rises to the strict liability cause of action).

Further, upon closer review, the trial court relies upon the analysis in *Simmers v. American Cynamid* for guidance as whether proper venue in a particular county under Pa.R.C.P. 2179 can be based upon business activity of a predecessor corporation. In *Simmers*, the Superior Court concluded that a predecessor corporation's activities can be attributed to the successor for personal jurisdiction purposes.[1] Here, the trial court notes that the Complaint alleges that PWMI defectively designed, manufactured, and sold the machine in Philadelphia County and that Elsner is the successor-in-interest to PWMI with respect to the machine.[2] As a result of the trial court's closer review of *Simmers*, the trial court now holds that Philadelphia County is a proper venue

---

[1] *Simmers v. American Cyanamid Corp.*, 576 A.2d 376, 389–90 (Pa. Super. Ct. 1990) ("In holding that the forum-related contacts of a predecessor corporation may be attributed to its successor for jurisdictional purposes when the successor has assumed its predecessor's liabilities, we recognize the realities of modern corporate law and the ever increasing frequency of corporate reorganizations. Plaintiffs must be permitted to establish jurisdiction over a successor corporation based upon its predecessor's contacts with the forum. Otherwise, a corporation which voluntarily or by the operation of law assumes its predecessor's liabilities may be able to avoid the jurisdiction of the very forum where the liability accrued simply because it never did business within that forum. This result would be absurd especially when the assets purchased by the successor, at least in part, were derived from the forum and the successor no doubt had knowledge of its predecessor's presence within the forum. Moreover, our holding today recognizes, from a public policy perspective, the nature of products liability actions and their relation to corporate reorganizations.")

[2] Elsner even states that "[t]here would be no basis at this stage of the litigation to challenge Plaintiff's assertion regarding Elsner as a successor corporation." Elsner's June 26, 2023 Supplemental Brief, n. 1.

4

for this case given Defendant Elsner is a successor-in-interest of PWMI.[3] Therefore, for all of the reasons stated above, Philadelphia County is a proper venue for this case.[4]

CONCLUSION

For the foregoing reasons, the Superior Court should reverse the July 20, 2023 order.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: February 15, 2024

---

[3] *Simmers v. American Cyanamid Corp.*, 576 A.2d 376, 389–90 (Pa. Super. Ct. 1990) ("In sum, we reiterate that successor corporations must be prepared to answer for the acts of their predecessors. A successor which through a merger, consolidation or *de facto* merger is the corporate embodiment of its predecessor must not be permitted to immunize itself in a specific jurisdiction from the liabilities of its predecessor. Likewise, a successor company which purchases and manufactures a predecessor's product line cannot avoid the jurisdiction of those forums wherein the product was previously manufactured and distributed. In Pennsylvania, it is now the law that when the successor is subject to the liabilities of its predecessor, the acts of a predecessor corporation may be attributed to its successor for the purposes of determining whether jurisdiction is proper.")

[4] Alternatively, venue is proper in Philadelphia as PWMI – as a named defendant at the time the Complaint was filed (in whatever legal capacity it may exist) – allegedly defectively designed, manufactured, and sold the machine in Philadelphia County.